UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 10-81200-DHW
                                                         Chapter 7
CHRISTOPHER LAMAR ROSS,

    Debtor.

**MEMORANDUM OPINION**

    The bankruptcy administrator filed a motion under 11 U.S.C. § 707(b)(2) to dismiss this chapter 7 case, contending that granting relief to this debtor would constitute an abuse of the provisions of chapter 7. *See* Doc. #24. An evidentiary hearing was held on January 19, 2011. At the hearing, the parties were represented by their respective counsel, Britt B. Griggs for the bankruptcy administrator and Andrew Cooper for the debtor.

    For the following reasons, the bankruptcy administrator's motion will be granted.

**Jurisdiction**

    This court's jurisdiction over this disputed matter derives from 28 U.S.C. § 1334 and from an order of the United States District Court for this district referring its title 11 jurisdiction to the Bankruptcy Court. *See* General Order of Reference of Bankruptcy Matters (M.D. Ala. Apr. 25, 1985). Further, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O), and as a result, this court's jurisdiction is extended to the entry of a final order or judgment.

**Findings of Fact**

    The debtor filed this chapter 7 petition for relief on August 3, 2010. Along with the petition, the debtor filed Form 22A – the so-called "means test" calculation form. The debtor later amended Form 22A on two occasions. *See* Doc. #8 and Doc. #15.

    In the second and final amended Form 22A, the debtor conceded that there is a presumption of abuse in this case pursuant to 11 U.S.C. § 707(b)(2).

While abuse would be presumed using the debtor's calculation of $4,166.09 as his current monthly income, his actual current monthly income is higher. Based upon his pay stubs for the six months preceding the petition, the debtor's current monthly income should have been stated as $4,310.96. *See* Doc. #6.

Further, in the second and final amended Form 22A, the debtor claimed as an expense the Local Standard allowance for housing and utilities of $422.00 (Line 20B). However, the debtor also claimed an additional housing expense of $328.00 (Line 21). As justification for that additional housing expense, the debtor explained that he currently resides with his parents, but he hopes one day to move to an apartment of his own. He estimated that apartment rent would amount to $750.00 each month. Although the debtor testified that he had made inquiry as to apartment rental costs in the area, he did not provide any documentary evidence supporting that testimony.

On Form 22A, the debtor deducted from his income a $200 monthly expense for charitable contributions. At trial, he testified that he ordinarily gave $50.00 each week to his church, but he brought no documentation to support that testimony.

The debtor's Form 22A reflects an expense of $259.67 per month to Capital One Auto Finance for a 2004 Xterra. At trial, however, he testified that he did not own a vehicle. Instead, he uses an automobile that belongs to his parents. He deducted the $259.67 from his income because he hopes to purchase a vehicle in the future.

On Form 22A, the debtor also claimed a tuition expense of $700.00 per month (Line 56). That total comprises $200.00 for tuition costs as of the date of the bankruptcy plus $500.00 for additional tuition costs he anticipates in the future. By way of explanation, the debtor testified that his employer, East Alabama Medical Center, had suggested that he pursue a bachelor's degree in nursing. Although a bachelor's degree is not required for him to retain his employment, the lack of a bachelor's degree could affect his promotion potential and career progression in the future.

2

Case 10-81200    Doc 29    Filed 02/07/11    Entered 02/07/11 14:53:32    Desc Main
Document      Page 2 of 6

## Contentions of the Parties

The bankruptcy administrator contends that the following expenses claimed by the debtor should not be allowed: $328.00 per month for additional housing costs, $200.00 per month for charitable contributions, $259.67 per month for prospective vehicle costs, and $500.00 per month for prospective additional tuition costs. According to the bankruptcy administrator, were these expense claims excluded, the debtor could pay his creditors almost $44,000 over a five-year term, and his attempt to discharge his debts in chapter 7 is an abuse of the provisions of that chapter.

The debtor acknowledges that in calculating his disposable income, he is claiming some expenses that he does not currently have. Nevertheless, he contends that the court should use its discretion and permit the challenged expenses upon a finding of special circumstances. In this way, the debtor could achieve a fresh start by not only receiving a discharge of his debts but by retaining the means to one day live apart from his parents, complete his education, and purchase his own vehicle.

## Legal Conclusions

Under 11 U.S.C. § 707(b), it is presumed that there is an abuse of the provisions of chapter 7 if a debtor with primarily consumer debts has disposable income which, when multiplied by 60, is $10,950 or more. *See* 11 U.S.C. §707(b)(2)(A)(i)(II). Here, the parties do not dispute that a presumption of abuse arises in this case. Under the law, the debtor may rebut the presumption of abuse only by

> demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.

11 U.S.C. § 707(b)(2)(B)(i).

Further, to establish special circumstances, the debtor must itemize the

3

additional expenses and provide "documentation for such expense or adjustment to income" and "a detailed explanation of the special circumstances that make such expenses or adjustment to income necessary and reasonable." 11 U.S.C. § 707(b)(2)(B)(ii)(I) and (II).

In construing what constitutes "special circumstances," courts have fallen into two camps. One camp takes a narrow view of the scope of "special circumstances," allowing only for those circumstances expressly referenced in the statute (serious medical condition or order to active military service) or circumstances similar to those enumerated in § 707(b)(2). *In re Cribbs*, 387 B.R. 324, 329 (Bankr. S.D. Ga. 2008).

The other camp takes a more expansive view of what constitutes "special circumstances." Some courts have found special circumstances to exist "if debtors lack a 'meaningful ability to repay' in light of income or expense adjustments not reflected in the means test formula or which, if not adjusted, will result in economic unfairness to debtor." *Id.* (citing *In re Delbecq*, 368 B.R. 754, 758 (Bankr. S.D. Ind. 2007); *In re Knight*, 370 B.R. 429, 437-38 (Bankr. N.D. Ga. 2007); *In re Martin*, 371 B.R. 347, 352-56 (Bankr. C.D. Ill. 2007)).

In *In re Lightsey*, 374 B.R. 377 (Bankr. S.D. Ga. 2007), Judge Davis sided with the camp construing the phrase "special circumstances" narrowly. That court stated:

> The [special circumstances] exception does not permit every conceivable unfortunate or "unfair" circumstance to rebut the presumption of abuse, but includes only those circumstances that cause higher household expenses or adjustments of income "for which there is no reasonable alternative," i.e., they are unforeseeable and beyond the control of the debtor."

*Id.* at 381-82. *See In re Miller*, 2010 WL 2670796, at *4 (Bankr. N.D. Ala. June 30, 2010) (agreeing with *Lightsey* and employing a narrow construction of the phrase "special circumstances.")

In *Cribbs*, Judge Davis further explained his rejection of an expansive

4

construction of the phrase "special circumstances." He wrote:

> I adopted a narrower view because I regard the broader interpretation to be so expansive and unfettered that it swallows the rule. In other words, the "meaningful ability to repay" standard for finding that there are "special circumstances" eviscerates the means test calculation by reintroducing, in every case, a more subjective judge-driven "smell test" to decide whether debtors can afford to repay. Under this approach, inability to repay standing alone makes the circumstances "special." If the court believes that debtor cannot repay, its conclusion trumps the means test which Congress established to measure ability to pay and returns § 707 to the pre-BAPCPA world that Congress rejected.

*Cribbs*, 387 B.R. at 329.

The *Cribbs* court went on to find that "special circumstances" must be similar to the examples set out in the statute, which courts have characterized as being unanticipated (citing *In re Sparks*, 360 B.R. 224, 230 (Bankr. E.D. Tex. 2006)), unavoidable (citing *id.*), beyond the debtor's reasonable control (citing *In re Tuss*, 360 B.R. 684, 701 (Bankr. D. Mont. 2007)), out of the ordinary (citing *In re Armstrong*, 2007 WL 1544591, at *2 (Bankr. N.D. Ohio, May 24, 2007)), and unforeseeable (citing *In re Lightsey*, 374 B.R. 377, 381-82 (Bankr S.D. Ga. 2007)).

In the case *sub judice*, the debtor's claim of expenses that would enable him to one day have his own home, have his own automobile, and complete his college education cannot be characterized as unanticipated, beyond the debtor's control, out of the ordinary, or unforeseeable. Should the undersigned allow the debtor to claim these expenses, which he currently does not have, the means test would be totally eviscerated, with this court's discretionary judgment being substituted for that which the Congress intended. In addition, the debtor provided no documentation in support of these expenses or adjustments to income as required by 11 U.S.C. § 707(b)(2)(B)(ii)(I).

5

## Conclusion

For these reasons, a separate order will enter granting the bankruptcy administrator's motion to dismiss this case but delaying the effective date of the order to permit the debtor to convert this case to one under chapter 13 if he so desires.

Done this the 7th day of February, 2011.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
Andrew Cooper, Debtor's Attorney
Britt B. Griggs, Bankruptcy Administrator's Attorney
Cecil M. Tipton, Jr., Trustee
All Creditors